May Term, 1860.

REILLEY v. THE STATE.

------

REILLEY v. THE STATE.

| 14 | 217 |
| 130 | 88 |
| 130 | 238 |
| 14 | 217 |
| 165 | 569 |

APPEAL from the *Decatur* Circuit Court.

*Friday, June 1.*

*Per Curiam.*—This was an indictment for receiving stolen goods. The defendant was convicted.

The only error assigned is, that the Court permitted the confessions of the thief, as to the fact of the larceny, to be given in evidence on the trial of this indictment against the receiver. The thief had not been tried at the time of the trial of the receiver.

Our statute creates the offense of receiving stolen goods, and provides that the receiver may be tried before the thief. 2 R. S. p. 409. When, therefore, it happens that the receiver is thus tried, it devolves upon the state to prove on his trial—

1. The larceny by some thief.

2. The subsequent reception of the stolen goods by the prisoner.

3. That he knew, at the time, that they were stolen.

In proving the first proposition, viz., the larceny, it would

seem to be the dictate of natural reason that the state might give in evidence any matter which would be admissible if the thief were on trial; that, for the establishment of this point, his confessions, made under circumstances that would render them admissible, would be competent evidence. That our statute renders this rule of evidence necessary, would seem to be clear; but the authorities are otherwise. *The Commonwealth* v. *Elisha*, 3 Gray, 460.

The judgment is reversed, and it is ordered that the keeper of the state prison be notified to take the prisoner back to jail.

*J. S. Scobey*, for the appellant.

*J. E. McDonald*, Attorney General, for the state.