## MARJASON *v.* STATE OF INDIANA

[No. 28,324. Filed December 12, 1947. Rehearing Denied February 25, 1948.]

*Guy W. Dausman,* of Goshen, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, and *D. Russell Bontrages,* Prosecuting Attorney, for the State.

O'MALLEY, J.—The appellant, together with Rose Masuth, was charged by indictment with the killing of one Leo Masuth, husband of Rose Masuth, by means of poison. The charge contained the allegations that the killing was done "wilfully, purposely, and with premeditated malice."

Rose Masuth entered a plea of guilty to second degree murder and was sentenced to prison for the term of her natural life. The appellant entered a plea of "not guilty" and went to trial. The theory of the State was that the appellant was an accessory to the commission of the act. In support of its theory, the State offered to introduce in evidence three confessions of Rose Masuth and, with the offer, informed the court that they were offered to show only that the crime of murder had been committed and that Rose Masuth had been adjudged guilty thereof. The appellant objected to the introduction of this evidence but the court, after instructing the jury that the three confessions were not to be considered as evidence of the guilt of the appellant, then permitted them to be read to the jury.

Under Art. 1, § 13, of the Constitution of the State of Indiana, the accused in a criminal prosecution is

given a number of rights, among which is a right "to meet the witnesses face to face." Meeting the witnesses face to face must also include the right to cross-examine.

In *Dye* v. *State* (1891), 130 Ind. 87, 88, 29 N. E. 771, 772, it is said:

"It is declared by the authorities that the admissions of the thief are not admissible in evidence against the receiver of the stolen goods when not made in the presence of the latter or where no conspiracy exists. *Reilley* v. *State*, 14 Ind. 217; Roscoe Crim. Ev. (8th ed.) 53."

On page 89 (page 772 of N. E.) of the above cause it states in effect that if there is a conspiracy, or some evidence of one, declarations or admissions made before the commission of the act are admissible against the parties, but those made after the commission of the crime are not admissible against those not making such declarations or admissions. The rule is well stated in *Walls* v. *State* (1890), 125 Ind. 400, 402, 403, 25 N. E. 457, 458, as follows:

"But when the common enterprise is at an end, whether by accomplishment or by abandonment, no one of the co-conspirators can, by any subsequent declarations of his own, affect the others. His confession, though made in the most solemn form, can affect no one but himself, and is not admissible in evidence against the others. The fact that he is indicted jointly with the others makes no difference."

A question arose as to the admissibility of declarations of one of two defendants jointly indicted in the case of *Flannigan* v. *State* (1922), 192 Ind. 19, 23, 134 N. E. 885, 886. In this case the court said:

"The declaration of Charles two or three weeks after the alleged crime, of course, would not be

admissible as against Everett, but it was admissible against Charles."

The case of *Mitchell* v. *State* (1923), 193 Ind. 1, 138 N. E. 507, contained a statement relative to the law on the competency of declarations and admissions made, by one of two or more, as against the others of the group. In that opinion this court declared that such declarations or admissions were admissible only against the one making the same.

It seems to be the rule without exception that admissions or declarations made subsequent to the commission of a crime are admissible only against the maker. ■ Eubank's Indiana Criminal Law (2d Ed.), § 502, p. 325. See Underhill's Criminal Evidence by Niblack (4th Ed.), § 154, p. 251, § 274, p. 540.

The case of *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385, is similar to the one under consideration. In that case, there was a joint indictment for ■ arson and separate trials. The lower court permitted evidence of conversations which took place after the commisson of the crime, and in the absence of the person on trial, to be given in evidence against the one on trial. That was held to be error. It was there stated in effect that statements or admissions even of co-conspirators, made subsequent to the consummation of the criminal act, are not admissible as against the co-conspirator, when they are made in his absence and out of his presence and hearing.

If the trial in the instant case had included both the appellant and Rose Masuth, the confessions would have been admissible against Rose Masuth, but not against the appellant. Under such circumstances, it would have been necessary for the court to instruct the jury to confine the confessions to the case against Rose Masuth and not to consider them as any evidence against the

appellant, but when the trial was against the appellant alone, there was no reason for admitting the confessions. See *The People* v. *Buckminster* (1916), 274 Ill. 435, 113 N. E. 713 and cases cited; 20 Am. Jur., § 493, p. 427. It is true that the State offered the evidence for the purpose of showing that a crime had been committed, and that Rose Masuth had been convicted of the crime, but that purpose should have been and could have been accomplished in a different manner. The coroner and others testified as to the death and the cause of death as disclosed by the autopsy. Undoubtedly other witnesses were available to give evidence as to what, if anything, was done by Rose Masuth and the appellant to accomplish the crime as charged in the indictment.

The introduction of the confessions of Rose Masuth in this trial was a denial of the constitutional rights of this appellant. We are not concerned with the guilt or innocence of the appellant. We merely are determining that he did not have a fair trial with the privilege of having a jury pass on evidence of a lawful nature.

The cause is hereby reversed and the lower court is ordered to sustain the appellant's motion for a new trial.

NOTE.—Reported in 75 N. E. (2d) 904.