Martin A. **HAEGER**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 3–179A20.

Court of Appeals of Indiana,
Fourth District.

June 12, 1979.

Warren W. Wyneken, Ft. Wayne, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

YOUNG, Judge.

Appellant Haeger appeals his conviction after trial to the court of driving while under the influence of intoxicating liquor (IC 9–4–1–54(b)) urging that (1) the trial court erred in sustaining the State's objection to cross-examination of the arresting officer as to whether or not the officer was under any quota or requirement to make a minimum number of arrests within a given period of time and (2) whether the finding and judgment of guilty were sustained by sufficient evidence. Because of our disposition of the first issue, we will not reach the second. *See Pillars v. State,* (1979) Ind. App., 390 N.E.2d 679 (1979).

During the cross-examination of the arresting officer he was asked the following question:

Officer Mitchell, you have in a—perhaps an informal sense, but you are expected to bring in, are you not, a certain number—you are expected to make a certain number of arrests?

Objection was made and sustained on the grounds of relevancy.

■ The State argues that Haeger has shown no abuse of discretion in the exclusion of this line of questioning. It is true that a trial court has discretion to regulate the scope of cross-examination, however the exercise of this discretion must comport with due process. *Lagenour v. State,* (1978) Ind., 376 N.E.2d 475, 479. The Sixth Amendment, guaranteeing a defendant the right to confront witnesses against him, includes the right to cross-examine a witness with the object of revealing possible ulterior motives or bias. *Davis v. Alaska,* (1974) 415 U.S 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347. The right of full, adequate and effective cross-examination is "fundamental and essential to a fair trial." *Lagenour v. State, supra* at 478.

■ While an offer to prove is not required in these circumstances, *Strickland v. State,* (1977) Ind., 359 N.E.2d 244, 248, an actual infringement on cross-examination must be demonstrated. *Lagenour v. State, supra.* In *Lagenour,* this requirement was not met: a witness's bias, prejudice, or ulterior motives are always relevant in that they may discredit him or affect the weight of his testimony, 3A J. WIGMORE, EVIDENCE § 940, p. 775 (Chadbourn rev. 1970); *Clark v. State,* (1976) Ind., 348 N.E.2d 27, 32, however the appellant in *Lagenour* gave no indication how the forbidden subject related to the credibility of the witnesses. In the case before us, Haeger argues in support of his question that pressure to make arrests might result in overzealousness on the part of the arresting officer and that "[once] having made an arrest, he does not want to be made to look foolish by having the party acquitted." We agree that pressure to make arrests has a legitimate relation to an arresting officer's possible interest in the outcome of trial. *See also, Evans v. State,* (Alaska 1976) 550 P.2d.830, 835 (ambition to be a police officer: informant-witness "was unconsciously or consciously motivated to falsify or at least color his testimony in order to establish a good record by securing convictions."); *State v. Nesbitts,* (Mo.1973) 498 S.W.2d 762, 764 (defendant had right to ask store security guard if he were under pressure to make a large number of shoplifting arrests—possible interest in conviction of

person whom he himself had arrested). We have found one case to the contrary, *State v. Baril,* (1969) 127 Vt. 394, 250 A.2d 732, which was decided prior to *Davis v. Alaska, supra,* and is apparently no longer followed.

█ The issue before us is whether the exclusion of this topic denied Haeger his right to effective cross-examination. *See Lagenour v. State,* 376 N.E.2d at 479. In *Davis v. Alaska, supra,* although the defendant was allowed to question a crucial witness as to whether he felt bias or pressure to testify a certain way, the defendant was not permitted to question the witness concerning his juvenile probation status as a means of suggesting why he might feel bias or pressure. The United States Supreme Court, in reversing, held that the jury, as sole finders of fact and credibility, were entitled to the benefit of the defense theory and facts from which they could make an informed decision as to the weight to be given a witness's testimony. Thus, the Court held that because the defendant was prevented from questioning the witness with regard to a fact bearing on possible bias or motive, he was denied his right of effective cross-examination under the Sixth Amendment. The Court characterized this denial as " ' "constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." ' " 415 U.S. at 318, 94 S.Ct. at 1111. Indiana courts have not had occasion, since *Davis v. Alaska* to detail the applicable standard of review except to note the distinction between a complete exclusion of a relevant topic and a lesser curtailment, *Borosh v. State,* (1975) Ind.App., 336 N.E.2d 409. In both *Borosh* and *Lagenour v. State, supra,* the appellant failed to show an actual infringement.[1]

In *Springer v. United States,* (D.C.1978) 388 A.2d 846, 856, the standard of review was analyzed as comprised of three levels:

Where the record reflects a curtailment of a requested line of bias cross-examination *in limine,* so that the jury is unable

properly to perform its fact-finding function in inferring bias from the testimony as a whole, we will assess cross-examination errors by a per se error standard.
. . . If, however, the trial court has permitted some cross-examination so that the jury has sufficient information from which to infer bias (should it so choose), this court will evaluate error by application of the harmless constitutional error test of *Chapman v. California,* [(1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705]. To hold harmless such error in curtailing constitutionally-protected cross-examination, it must be clear beyond a reasonable doubt "(1) that the defendant would have been convicted without the witness' testimony, or (2) that the restricted line of inquiry would not have weakened the impact of the witness' testimony." Note, *Constitutional Restraints on the Exclusion of Evidence in the Defendant's Favor: The Implications of Davis v. Alaska,* 73 Mich.L.Rev. 1465, 1473 (1975) (footnote omitted).

Where we determine that a degree of cross-examination consistent with the Sixth Amendment has been allowed, our appellate review will focus on the scope of the cross-examination allowed, and the trial court's determination will stand unless an abuse of discretion mandating reversal is shown.

As authority for the first level, the court cited *Alford v. United States,* (1931) 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, and *Davis v. Alaska, supra.* In *Alford,* the Supreme Court found that "the trial court cut off *in limine* all inquiry on a subject to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error." In *Smith v. Illinois,* (1968) 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, the rule in *Alford* was held applicable in state prosecutions, and its constitutional dimension was affirmed in *Davis v. Alaska, supra* 415 U.S. at 318 n. 6, 94 S.Ct. 1105.

---

1. In fact, *Borosh* appeared to apply a harmless error test by finding that in one instance of curtailment complained of, the question and

answer were not stricken nor was the jury instructed to disregard them, notwithstanding that objection was sustained.

Because of the circumstances of the case at bar, we need not reach the interesting question of the application of the harmless error rule under *Chapman v. California, supra,* to *Davis*-type cases. *Compare Springer v. United States, supra,* with *United States v. Price,* (9th Cir. 1978) 577 F.2d 1356, *Borosh v. State,* (1975) Ind.App., 336 N.E.2d 409, *and* Note, *Constitutional Restraints on Exclusion of Evidence in the Defendant's Favor: The Implications of Davis v. Alaska,* 73 MICH.L.REV. 1465 (1975). Haeger's conviction is based on the testimony of the arresting officer and the results of a Breathalyzer test administered by the same officer. The accuracy of a Breathalyzer test depends on several outside factors, including of course proper operation. Thus, all the evidence in some degree depends on the credibility of this officer. The trial court prevented any mention of whether the officer felt pressure to make a certain number of arrests from reaching the jury. This would be reversible error *per se* according to *Springer.* Our own Supreme Court would appear to be in accord:

> Any fact tending to impair the credibility of a witness by showing his interest is a material matter regarding which cross-examination is a right and not a mere privilege, and a denial of cross-examination upon such material matter is reversible error. *Bryant v. State* (1954), 233 Ind. 274, 278, 118 N.E.2d 894; *Henry v. State* (1925), 196 Ind. 14, 20, 146 N.E. 822; *Marjason v. State* (1947), 225 Ind. 652, 654, 75 N.E.2d 904.

*Acker v. State,* (1959) 239 Ind. 466, 158 N.E.2d 790, 791.

We reverse, and grant Appellant a new trial.

CHIPMAN, P. J., and MILLER, J., concur.