Arthur R. LUSHER, Jr.,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–778A161.

Court of Appeals of Indiana,
Third District.

June 18, 1979.

Rehearing Denied Sept. 11, 1979.

---

Patrick Brennan, Patrick Brennan and Associates, South Bend, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Lusher was convicted of delivering a controlled substance, phencyclidine. Because we reverse we consider only two of Lusher's assigned errors.

Prosecution witness Leonard Burgess was a police informer who allegedly made the "buy" from Lusher on November 9, 1973. Burgess candidly admitted to being a heavy user of such drugs as marijuana, hashish, L.S.D., mescaline and PCP. He testified that at the time of the alleged offense he was using drugs but had been trying to quit. Voir dire examination, out of the presence of the jury, revealed that at some time in late 1973, Burgess was having problems with "flashbacks," recurrences of the hallucinating effect of L.S.D. These flashbacks caused Burgess to suffer disorientation, "being out of it." He stated that "[W]hen you hallucinate, you can hallucinate anything you want to and it just happens like 'bang.'" He could not recall with exactness when he experienced the hallucinations or flashbacks.

Lusher argues that he was entitled to present this evidence about Burgess' mental

state to the jury so that it might better assess his credibility and the weight to be given his testimony. We agree.

As was stated in *Borosh v. State* (1975), Ind.App. 336 N.E.2d 409, 412–13:

"It is well recognized that the Sixth Amendment right of confrontation includes the right of cross-examination. *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. A number of decisions have held such right to cross-examination to be infringed upon where a defendant's counsel is wholly precluded from bringing before the jury on cross-examination relevant and substantial evidence bearing upon the credibility of a crucial witness against the accused. *See, Davis v. Alaska, supra; U. S. v. Duhart* (6th Cir., 1975), 511 F.2d 7; *Snyder v. Coiner* (4th Cir., 1975), 510 F.2d 224; *U. S. v. Harris* (9th Cir., 1974), 501 F.2d 1. Thus, it is clear that only a total denial of access to such an area of cross-examination presents a constitutional issue. Any lesser curtailment of cross-examination by the trial court is viewed as a regulation of the scope of such examination, and such curtailment is reviewable only for an abuse of discretion. *Brooks v. State* (1973), 259 Ind. 678, 291 N.E.2d 559."

■ The credibility of a witness may be attacked by showing a defect of capacity in the witness to observe, remember or recount the matters testified about. McCormick, *Evidence* § 36; 81 Am.Jur.2d *Witnesses* § 540. Drug use or addiction may not be used to impeach a witness unless the evidence tends to show that the witness was under the influence of drugs either at the time of trial or at the time of the occurrence testified to, or the evidence tends to show that the ability to perceive, remember and testify are substantially affected by the drug usage. *Fields v. State* (1971), 487 P.2d 831; *Standard Oil v. Carter* (1923), 210 Ala. 572, 98 So. 575; *People v. Buono* (1961), 191 Cal.App.2d 203, 12 Cal.Rptr. 604; *Eldridge v. State* (1891), 27 Fla. 162, 9 So. 448; *State v. Belote* (1973), 213 Kan. 291, 516 P.2d 159; *Commonwealth v. Caine* (1974), 366 Mass.

366, 318 N.E.2d 901; 81 Am.Jur. *Witnesses* § 546; 65 A.L.R.3d 705.

■ Burgess' testimony reveals that he had some difficulty in remembering events which took place in late 1973. He was unable to recall when he had begun seeing a psychiatrist or when the flashbacks or hallucinations occurred. He testified that when experiencing an hallucination, he could hallucinate anything he wanted to and it would "happen." Such testimony could cast serious doubt on his ability to recall and to perceive. While the court did allow limited cross examination on the question of whether or not Burgess was under the influence of any drug at the time of the transaction, the jury was kept totally ignorant of Burgess' problems with hallucination. The jurors were entitled to have the benefit of this evidence so they could make an informed judgment as to the weight to place on Burgess' testimony. The accuracy of his testimony was the key element in the state's case against Lusher. Under these circumstances, it was an abuse of discretion to deny Lusher the opportunity to inquire into Burgess' mental condition for the benefit of the jury.

Lusher also urges that he was entitled to discharge because of the lapse of time between the offense and the initiation of criminal charges. We disagree.

■ It has been established that delay between the time of a criminal occurrence and indictment may constitute a violation of due process where the defendant demonstrates that he has suffered actual prejudice (*United States v. Marion* [1971], 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468) and that there was no justification for the delay. *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752. This court has required the defendant to demonstrate both elements in order to successfully raise a due process challenge. *Burress v. State* (1977), Ind.App., 363 N.E.2d 1036.

Lusher asserted that the passage of time impaired his memory and, thus, his ability to prepare a defense, particularly an alibi

defense. He also alleged that the filing of the information was a retaliatory response by the state to his efforts to have a related charge dismissed. Finally, he asserted that there was no justification for the delay.

■ Following a hearing on Lusher's motion, the trial court concluded that Lusher had not been prejudiced, nor had he even alleged actual prejudice. In addition, the court rejected his claim that retaliation had been the motive for filing the information,[1] and concluded that the delay had not been intentional.

■ We agree that the record supports the trial court's determination that Lusher failed to establish actual prejudice to his defense arising from the delay. Accordingly, there was no error in denying his motion to dismiss. *State v. Roberts* (1976), Ind. App., 358 N.E.2d 181, upon which Lusher relies, must be distinguished since it concerned a defendant *in custody* and the application of CR 4, neither of which are involved in Lusher's claim.

Reversed and remanded for a new trial.

HOFFMAN and STATON, JJ., concur.

---

1. Note that the motive for filing an indictment or information is irrelevant to this type of due process analysis; the relevant question is the motive for the *delay* in filing.