**Howard J. HOSSMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–283A42.

Court of Appeals of Indiana, Fourth District.

March 12, 1984.

Rehearing Denied May 9, 1984.

Larry A. Landis, J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant-appellant Howard J. Hossman was convicted by a jury of Conspiracy to Commit Robbery (Ind.Code 35-41-5-2). He appeals his conviction on two grounds:

1. the trial court's restricting in limine his cross-examination of one of the State's witnesses as to motive or bias; and

2. sufficiency of the evidence.

Because our resolution of the first issue is dispositive, we will not reach the second. *See Haeger v. State*, (1979) 181 Ind.App. 5, 390 N.E.2d 239.

At trial, two State witnesses testified about the existence of a conspiracy involving Hossman. The first witness reported the alleged conspiracy between himself and Hossman while under arrest for an unrelated armed robbery. He was not prosecuted for conspiracy or for several other crimes he admitted to in exchange for the State's promise not to prosecute. His testimony at trial was generally corroborated by the second witness, his girl friend, whose cross-examination is at issue here. She also testified that she saw the defendant give a loaded gun to the first witness.

At a hearing on a motion in limine out of the presence of the jury, the defense stated its position that the corroborating witness testified as she did because she feared that if she did not support the first witness he

would implicate her in the death of her ex-husband and because she thought that if she helped him and the State, he would be released earlier and could resume supplying her with drugs. The State claimed any evidence to such effect was irrelevant.

The trial court granted the motion in limine precluding defendant from presenting evidence of a supplier-user relationship between the two witnesses and from presenting evidence concerning the murder of witness two's husband. The parties agreed that the motion in limine issue was preserved for appeal. On appeal, the defendant claims that the limit on his cross-examination denied him his Sixth Amendment right guaranteed in the Constitution of the United States to present evidence of a witness's bias to the jury.

■ Indiana courts have recognized that the credibility of witnesses may be attacked by cross-examining them as to bias. *Hall v. State*, (1978) 267 Ind. 512, 371 N.E.2d 700; *Sears v. State*, (1972) 258 Ind. 561, 282 N.E.2d 807; *Shanholt v. State*, (1979) Ind.App., 448 N.E.2d 308. Refusing the defendant an opportunity to attack the credibility of a State witness by cross-examination as to the witness's bias or motive violates the Sixth Amendment even when that cross-examination involves prior misconduct of the witness. *Davis v. Alaska*, (1974) 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. Evidence of prior misconduct is admissible on cross-examination if it provides a motive or shows that a witness has a proclivity to testify on behalf of a party. *Belcher v. State*, (1983) Ind., 453 N.E.2d 214, 216–17. Here the record is clear that the evidence was to be used to provide a motive for witness bias rather than to attack the witness's general character.

■ This court has stated that a fair trial requires the right to full, adequate and effective cross-examination. *See, e.g., Haeger v. State*, (1979) 181 Ind.App. 5, 390 N.E.2d 239. When a defendant is denied the right to cross-examine a State witness regarding bias, his Sixth Amendment rights have been violated; and—absent a finding of harmless error—reversal and a new trial is in order. *Higginbotham v. State*, (1981) Ind.App., 427 N.E.2d 896; *Pfefferkorn v. State*, (1980) Ind.App., 413 N.E.2d 1088; *Haeger v. State, supra.*

■ Improper curtailment of cross-examination is harmless if it is clear beyond a reasonable doubt that defendant would have been convicted without the witness's testimony or that the restricted line of inquiry would not have weakened the impact of the witness's testimony. *See Haeger v. State, supra,* 390 N.E.2d at 241 (quoting *Springer v. United States*, (D.C.1978) 388 A.2d 846, 856). The State argues that because the jury received evidence that the two State witnesses were close friends, the jury could properly weigh the credibility of the second witness. Evidence of friendship, however, would not necessarily provide the same incentive to testify in a given manner as that in the evidence that was excluded. The precluded inquiry would have been directed to a seemingly objective witness whose testimony was independently important and corroborated that of an otherwise questionable witness. As such, the curtailment could not be considered harmless.

■ Evidence of witness bias and ulterior motive can be properly excluded if the suggestion of bias is too attenuated to be reasonably probable. *Gaston v. State*, (1983) Ind.App., 451 N.E.2d 360; *Townsend v. State*, (1981) Ind.App., 418 N.E.2d 554, 561–62, *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853. The bias and ulterior motives of a witness may be revealed so long as there is a reasonable degree of probability that the witness is biased because of the evidence in question. *Denton v. State*, (1983) Ind., 455 N.E.2d 905; *Lindley v. State*, (1978) 268 Ind. 83, 373 N.E.2d 886. In this case, a reasonable degree of probability existed, and the evidence should have been admitted.

Most cases involving exclusion or curtailment of cross-examination in Indiana have involved witness bias toward a party. *E.g., Higginbotham v. State, supra; Pfeffer-*

*korn v. State, supra; Haeger v. State, supra.* Although this case presents a different situation—witness bias toward a nonparty witness—the general rule should apply. Indiana courts have expressed willingness to allow cross-examination of witness bias toward another witness. *Pickett v. Kolb,* (1968) 250 Ind. 449, 237 N.E.2d 105; *Harrington v. State,* (1980) Ind.App., 413 N.E.2d 622. *See also* 3A J. WIGMORE, EVIDENCE § 940 (Chadbourn rev. 1970). Although evidence of bias directed toward a nonparty may, at times, be too attenuated to be error if excluded, such was not true in this case.

The decision of the trial court, therefore, is reversed and the case remanded for a new trial.

CONOVER, P.J., and MILLER, J., concur.