Timothy KILLIAN, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–683A179.

Court of Appeals of Indiana,
Fourth District.

Sept. 5, 1984.

1266

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Appellant Timothy Killian (Killian) appeals his conviction by a jury for deviate sexual conduct, a class B felony, IND. CODE 35–42–4–2(a).

Affirmed.

ISSUES

Killian presents five issues, which we have restated, for our review: [1]

1. Did the court err by limiting the three co-defendants to a total of ten jointly exercised peremptory challenges?

2. Did the court err by excluding Killian's questions as to the charges against Anthony Padgett?

3. Did the court err by excluding cross-examination of State's witness William Tubbs as to the number of years imprisonment he was avoiding by testifying?

4. Was the evidence sufficient to sustain the conviction?

5. Did the court err by ordering Killian not to comment on the acquittal of co-defendant George Moore during closing arguments?

FACTS

Anthony Padgett (Padgett) was incarcerated in Tippecanoe County jail May 24, 1982. On May 31, inmates Killian, Terry Webb (Webb), and William Tubbs (Tubbs) entered Padgett's cell and threatened him, demanding sexual favors. A blanket was placed over the cell doors and Killian and Webb left the cell. Padgett attempted fellatio with Tubbs but became ill. Tubbs then performed sodomy with Padgett. Tubbs left the cell and Webb reentered. Threatening Padgett further, Webb performed sodomy with him. Killian did not reenter Padgett's cell. Later that day, Padgett went to Killian's cell and Killian engaged in sodomy with Padgett.

The next day Tubbs, Webb, and Killian moved Padgett's personal belongings to the cell of George Moore (Moore) and told Padgett to go to Moore's cell. That evening, after lockup, Moore performed various sex acts with Padgett. Moore did not threaten Padgett directly.

Webb, Tubbs, Killian, and Moore were charged with deviate sexual conduct, a class B felony. Prior to trial, Tubbs agreed to testify as a State's witness in exchange for dismissal of the charges against him. Padgett, Tubbs, and William Fleeman, another inmate, testified for the State.

During cross-examination of Tubbs, the trial court permitted Killian to inform the jury Tubbs had agreed to testify for the State in exchange for immunity but did not permit Killian to question Tubbs as to the possible sentence Tubbs avoided. At the close of the State's case-in-chief, Moore moved for judgment on the evidence which was granted as to him. In its final instructions the court informed the jury the charges against Moore were removed from their consideration. The court refused to inform the jury of Moore's acquittal or to permit Killian to comment on the acquittal in his closing argument.

I.

Killian first contends the trial court erred by granting a total of ten peremptory challenges to be exercised jointly by the three co-defendants pursuant to IC 35–37–1–3. However, Killian cites no authority, and we find none, to support his contentions. Indeed, he cites several controlling cases which decide this issue in the State's favor, but asks us to reevaluate the previous holdings. *Hunt v. State,* (1983) Ind., 455 N.E.2d 307; *Morris v. State,* (1977) 266 Ind. 473, 364 N.E.2d 132, *cert. denied,* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462; *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792; *Swininger v. State,* (1976) 265 Ind. 136, 352 N.E.2d 473; *Martin v. State,* (1974) 262 Ind. 232, 314 N.E.2d 60; *cert.*

1. Killian, in his Motion to Correct Errors and brief, presented six issues but in his argument combined numbers 5 and 6; therefore, we have combined them in our statement of issues.

*denied,* (1975) 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841. We decline Killian's invitation and find no error.

 Killian further complains the trial court's voir dire procedure wherein once a juror is passed he cannot later be peremptorily challenged is violative of his rights. We find no merit to this contention. Our supreme court consistently has held such voir dire procedures valid where, as here, the defendant has heard the examination by his opponent and has had an opportunity to conduct his own examination before passing the juror. *McBrady v. State,* (1984) Ind., 459 N.E.2d 719, 722; *Marsh v. State,* (1979) 272 Ind. 178, 180, 396 N.E.2d 883, 885; *McDonald v. State,* (1909) 172 Ind. 393, 396, 88 N.E. 673, 675. The right to challenge peremptorily is subject to reasonable regulation by the trial court. *McBrady* at 722; *Marsh* 396 N.E.2d at 885; *Cochran v. State,* (1978) 269 Ind. 157, 159, 378 N.E.2d 868, 869.

In the alternative Killian argues IC 35–37–1–3 does not specifically require the co-defendants be limited to ten joint challenges. Assuming, arguendo, Killian is correct in his contention, it is of no consequence to this case. Whether the limit of ten challenges to be exercised jointly is required or merely permitted by our statute is irrelevant. Where the trial judge limits the challenges in accord with the statute and previous holdings, there is no error. *See Hunt, supra,* 455 N.E.2d 307; *Morris, supra,* 266 Ind. at 484, 364 N.E.2d at 139.

### II.

The right to impeach Padgett, the victim, includes the right to put before the jury the fact Padgett was charged with child molesting, Killian opines. We disagree.

 Introduction of the charges against Padgett is precluded by IC 35–37–4–4 which provides in pertinent part:

Sec. 4. (a) In a prosecution for a sex crime as defined in IC 35–42–4:

(1) evidence of the victim's past sexual conduct;

... may not be admitted, nor may reference be made to this evidence in the presence of the jury, except as provided in this chapter.

... (e) This section does not limit the right of either the state or the accused to impeach credibility by a showing of prior felony convictions.

Killian argues the statute is inapplicable where it bars the admission of the victim's past sexual conduct which is contained within his legal history. However, under IC 35–37–4–4(e), only the victim's felony convictions may be introduced. At the time of trial, Padgett had not been found guilty of child molesting. Thus, the cross-examination of Padgett as to those charges did not fall within the exception created by IC 35–37–4–4(e).

 Our supreme court has held reference to the victim-witness's past sexual conduct for impeachment purposes is properly excluded under this statute unless the defendant's fundamental right to adequate and effective cross-examination will be denied thereby. *Kelly v. State,* (1983) Ind., 452 N.E.2d 907, 909; *Lagenour v. State,* (1978) 268 Ind. 441, 445, 376 N.E.2d 475, 479; *Roberts v. State,* (1978) 268 Ind. 127, 133, 373 N.E.2d 1103, 1107. Killian argues the State put Padgett's character in question during the testimony of Detective Daniel Pope (Pope). The statute was used to preclude Killian from cross-examination as to Padgett's character thus denying him adequate and effective cross-examination, he opines. The record indicates otherwise. Killian extensively cross-examined both Pope and Padgett. He was able to show Padgett had been arrested and incarcerated on a criminal charge, and Pope testified he had not intended on direct examination to imply Padgett was of good character.

Although not allowed to elicit the nature of the charge against Padgett, Killian was not denied his right to adequate and effective cross-examination. The trial court properly excluded evidence of Padgett's child molesting charge.

## III.

Killian next contends the trial court erred by not allowing him to question Tubbs regarding the possible sentence he avoided by turning State's evidence. Killian argues the sentence to be avoided by the terms of the agreement is part of the consideration which must be viewed by the jury to evaluate Tubbs's credibility. We disagree.

 Any fact tending to impair the credibility of a witness which shows his interest, ulterior motive, or bias is a material matter regarding which cross-examination is a right and not a mere privilege. *Acker v. State,* (1959) 239 Ind. 466, 467, 158 N.E.2d 790, 791; *Pfefferkorn v. State,* (1980) Ind.App., 413 N.E.2d 1088, 1089; *Haeger v. State,* (1979) 181 Ind.App. 5, 9, 390 N.E.2d 239, 242. The fact a witness had a motive to exaggerate or falsify his testimony is material in determining his credibility. *Denton v. State,* (1983) Ind., 455 N.E.2d 905, 909; *McKinley v. State,* (1984) Ind.App., 465 N.E.2d 742, at 746; *Bredemeier v. State,* (1984) Ind.App., 463 N.E.2d 1138, 1140; *Hossman v. State,* (1984) Ind.App., 460 N.E.2d 975, 977. However, only total denial of cross-examination as to a witness's·credibility will amount to a constitutional denial of the right to cross-examine. *Rinard v. State,* (1979) 271 Ind. 588, 590, 394 N.E.2d 160, 161; *Lusher v. State,* (1979) 181 Ind.App. 63, 64, 390 N.E.2d 702, 704; *Duncanson v. State,* (1979) 181 Ind.App. 370, 372, 391 N.E.2d 1157, 1160; *Borosh v. State,* (1975) 166 Ind.App. 378, 383, 336 N.E.2d 409, 412. Any lesser curtailment by the trial court is a regulation on the scope of cross-examination and is reviewable only for abuse of discretion. *Rinard* 394 N.E.2d at 161; *Duncanson* 391 N.E.2d at 1160; *Lusher* 390 N.E.2d at 704; *Brooks v. State,* (1973) 259 Ind. 678, 680, 291 N.E.2d 559, 560.

 Our supreme court has held a jury should not be informed of the penalties for commission of a crime, *Clifford v. State,* (1984) Ind., 457 N.E.2d 536, 541; *Burgess v. State,* (1983) Ind., 444 N.E.2d 1193, 1195; *Debose v. State,* (1979) 270 Ind. 675, 676,

389 N.E.2d 272, 276. However, it has also held the trial court did not err by allowing the jury to hear evidence of the possible sentence which was consideration for testimony by a co-defendant. *Garland v. State,* (1983) Ind., 444 N.E.2d 1180, 1183. *Garland,* however, does not make admission of such evidence mandatory. If the defendant is permitted to cross-examine the witness as to the existence of a plea agreement and its effect upon his sentence, whether to permit cross-examination as to the exact number of years the witness's sentence would be reduced in consideration of his testifying as a State's witness is a matter addressed to the sound discretion of the trial court.

 Killian cross-examined Tubbs and established he was testifying in exchange for dismissal of charges against him by the State. Killian continued to question Tubbs at length as to the terms of this agreement. Tubbs admitted being charged with the same two class B felony charges as Killian and as a result of his agreement he faced no punishment whatsoever on those charges. The court precluded Killian from questioning Tubbs only as to the exact number of years he possibly avoided as a result of his agreement to testify. The court reasoned testimony on this point would disclose to the jurors the sentence faced by Killian. Under these circumstances, we find no abuse of discretion in this regard.

## IV.

Killian next argues the evidence was insufficient to support his conviction.

 In reviewing a sufficiency question we will neither reweigh the evidence nor judge the credibility of the witnesses. We examine the evidence in a light most favorable to the State and logical and reasonable inferences to be drawn therefrom. We affirm if there is substantial evidence of probative value to support the conviction. *Morrison v. State,* (1984) Ind., 462 N.E.2d 72, 74; *Bean v. State,* (1984) Ind., 460

N.E.2d 936, 945; *Elliott v. State,* (1983) Ind.App., 450 N.E.2d 1058, 1061.

■■ Killian's argument, in sum, merely invites us to reweigh the evidence and judge the credibility of the witnesses. We decline the invitation. The evidence most favorable to the State clearly shows Killian, Webb, and Tubbs went to Padgett's cell and threatened him. Then Padgett, in fear, engaged in deviate sexual acts with Webb and Tubbs. Later, Killian engaged in sodomy with Padgett in Killian's cell. The evidence is sufficient to sustain Killian's conviction.

### V.

■■ Killian finally argues an instruction to the jury dealing with the dismissal of charges against Moore was improper. However, Killian's motion to correct errors does not contain such issue. It is, therefore, waived. *Underhill v. State,* (1981) Ind., 428 N.E.2d 759, 769; *Bluitt v. State,* (1978) 269 Ind. 438, 449, 381 N.E.2d 458, 465; *McVey v. State,* (1982) Ind.App., 438 N.E.2d 770, 775; Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Affirmed.

MILLER, P.J., concurs.

YOUNG, J., concurs in result.