Timothy KILLIAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S04–8709–CR–809.

Supreme Court of Indiana.

Sept. 2, 1987.

Rehearing Denied Nov. 23, 1987.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Killian was convicted of unlawful deviate conduct in November of 1982. He received the presumptive sentence of ten years to run consecutive to commitments for two other crimes. The conviction was affirmed in *Killian v. State* (1984), Ind.App., 467 N.E.2d 1265. Thereafter he filed a motion to correct erroneous sentence, which was.denied. On appeal the Fourth District of the Court of Appeals reversed in an unpublished opinion, 506 N.E.2d 1146, and ordered a new sentencing hearing, because of the lack of support for that part of the judgment requiring the sentence to be consecutive. On the petition of Killian, we now grant transfer.

At the outset we agree with the holding of the Fourth District that appellant's claim that his sentence was erroneous was not waived or foreclosed by his failure to raise it in an objection at the time of sentencing or to otherwise raise it in his motion to correct errors and his direct appeal. A sentence premised upon an incorrect interpretation of a statute setting criminal penalties, obvious on the face of the record, is fundamental error. *Vawter v. State* (1972), 258 Ind. 168, 279 N.E.2d 805. *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822.

The evidence upon which the conviction rests reveals that appellant was in jail awaiting trial upon burglary and theft charges when he participated in an assault upon another prisoner. Upon conviction for the assault, the trial court ordered that the sentence be served consecutively to the sentences meted out for the burglary and theft charges. The court concluded that this result was mandated by I.C. 35–50–1–2 which requires consecutive sentences when a crime is committed after an arrest for another crime and before discharge from penalties for that other crime. This conclusion was error, as in *Hutchison v. State* (1985), Ind., 477 N.E.2d 850, this court held that the statute applied only to persons on parole, probation or serving a term of imprisonment at the time the second offense was committed. The opinion of the Court of Appeals was correct in concluding that the consecutive sentence order could not rest upon the mandatory provision in the statute and for such reason must be vacated.

Appellant now challenges the order of the Fourth District in so far as it remands the case to the sentencing court for a new sentencing hearing. This court has held in a like case, that when two elements

are present, the requirement of consecutiveness must be vacated, and a requirement of concurrent terms substituted therefor, without discretion by the sentencing court. *Taylor v. State* (1982), Ind., 442 N.E.2d 1087. First the decision must rest upon I.C. 35–50–1–2(b) when that statute is not applicable. This element is present here as indicated above. Second, the sentencing court must make a specific statement that no aggravating circumstances are present. This statement is twice made by the trial court in its exchange with counsel at the time of reaching its conclusions regarding the sentence.

> THE COURT: ... I have looked over the possibility of consecutive sentences, and until the State mentioned it I had intended to place consecutive sentences. Do I have any discretion in the matter? I could make that run concurrent with this other crime that took place prior to that?
>
> MR. RUDMAN (Prosecuting Attorney): I'm not sure. I have to look at a statute.
>
> THE COURT: This was an entirely separate offense, none of those same facts, and as the State points out you were in jail. Committing a crime in jail is a—I don't know how you're supposed to get around that. I don't see any reward for it. Do you, counsel, show me again how—
>
> MR. DONAT (Defense Attorney): No, I have researched it. I have no good argument, your Honor.
>
> THE COURT: Yeah, it's a consecutive—consecutive sentence and I—*I don't find anything aggravating in it.* The act is—the acts involved are repulsive to me and everybody else that had to sit through this thing. This is the kind of thing they tell us goes on in a jail, and we're supposed to accept it. Every time I sentence a young boy the counsel always stands up and says, watch out. When you send this young boy down there, Judge, he's going to run into some bad characters. What they're telling me now, after this jury is, they're gonna send him down there with fellows like Tim Killian. Now you don't look like that sort, but the jury evidently had enough evidence to find that you are that sort. And now you're going to be sentenced on this and you're going to a place where that takes place. And I guess you're one of them. *Now I don't find anything aggravating, no.* But it's a presumptive sentence to ten years, and I don't find anything mitigating. I've given you credit for your age and cooperation in another case. I don't expect you to come up and plead guilty and not go through a jury trial. I—but I don't see any cooperation in the case. Don't see any lack of cooperation in the case. Don't see any lack of cooperation. You just did what anybody pleading not guilty does. They exercise their rights and go to trial. So the presumptive sentence to ten years will stand. *No aggravation—aggravating circumstances or mitigating circumstances.* Fine of one thousand dollars. Court costs of fifty-one dollars....

> \*　　\*　　\*　　\*　　\*　　\*

> MR. RUDMAN: Your Honor? You indicated that—I thought that they were going to be consecutive. Will that be contained in this order, consecutive?
>
> THE COURT: They are going—yeah, I will issue an order. It's going to be consecutive to the term imposed at 4800.

The second element is present in this exchange and therefore the legal criteria for an order of remand for correction of sentence without a hearing as set by *Taylor*, are met.

We therefore remand this case for correction in sentencing. The term of imprisonment is to run concurrently. It is so ordered.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I realize that Judge Conover, in his opinion in the Court of Appeals, followed ruling precedent in this case and that Justice De-Bruler is correct as to the law at the present time. However, I believe we erred in interpreting Ind.Code § 35–50–1–2. The statute reads:

"Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

I do not believe the legislature intended to create what I perceive to be a ridiculous result of providing for concurrent time for one convicted, as in the case at bar, who assaults another prisoner after his arrest for the first crime and is tried for that assault before he is ever sentenced on the first crime, but a prisoner who would assault another prisoner after he had been sentenced for his first crime would receive a consecutive sentence.

In spite of the long-standing error in this regard, I think this is the time to correct the error.

PIVARNIK, J., concurs.