**Lorne TUCKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A01–9906–CR–217.**

Court of Appeals of Indiana.

May 23, 2000.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge

Lorne Tucker petitions this court for rehearing of our memorandum decision dated March 17, 2000. In that opinion, we held that the trial court did not err in precluding him from questioning a State's witness about whether or not he had reported the income he earned as a confidential informant to the appropriate taxing authorities. *Tucker v. State*, No. 53A01–9906–CR–217, slip op. at 6, 725 N.E.2d 168 (Ind.Ct.App., Mar. 17, 2000). We grant the petition for rehearing for the sole purpose of clarifying the "financial interest" limitation; however, we expressly reaffirm *in toto* our original holding.

In this case, the State presented the testimony of confidential informant Wilson. The State had previously received an *in limine* ruling that the defense could not question Wilson about whether he had reported the income he earned as a confidential informant. Tucker was precluded from pursuing this line of inquiry at trial. We held that the trial court did not abuse its discretion in limiting this line of "financial interest" cross-examination. On rehearing, Tucker contends that this decision conflicts with our holding in *McCarthy v. State*, 726 N.E.2d 789 (Ind.Ct.App.2000).

In *McCarthy*, we held that the trial court committed reversible error in limiting the defendant's cross-examination of an alleged victim's mother regarding the fact that she had filed a notice of tort claim against the school which employed the defendant and that she possibly intended to file a lawsuit against the defendant personally for the acts for which he was being prosecuted. *Id.* at 793. In so holding, we relied upon the standard of review set forth in *Haeger v. State* :

Where the record reflects a curtailment of a requested line of bias cross-examination *in limine*, so that the jury is unable properly to perform its fact-finding function in inferring bias from the testimony as a whole, we will assess cross-examination errors by a per se error standard.... If, however, the trial court has permitted some cross-examination so that the jury has sufficient information from which to infer bias (should it so choose), this court will evaluate error by application of the harmless constitutional error test....

181 Ind.App. 5, 390 N.E.2d 239, 241 (1979).

Here, Tucker has alleged a financial motive on the part of Wilson and questions why the defendant in *McCarthy* received the benefit of the per se error rule, whereas he did not. As we stated in our original opinion, a witness' credibility may be affected by financial considerations and thus, such considerations may be a proper subject for cross-examination. 726 N.E.2d at 792, citing *Domangue v. State*, 654 N.E.2d 1, 3 (Ind.Ct.App.1995). It is true that Wilson's failure to pay income taxes on the money he earned as a confidential informant, if in fact he did fail to do so, reflects on his credibility. However, there was ample evidence before the jury from which it could assess Wilson's credibility and his bias in favor of the Police Department which had hired him in the past and presumably would continue to do so, *see* 726 N.E.2d at 792–93, and in order to show reversible error in the curtailment of cross-examination, an actual infringement of cross-examination must be shown. *Lagenour v. State*, 268 Ind. 441, 376 N.E.2d 475, 479 (1978). Unlike *McCarthy*, in which the only line of bias questioning was disallowed and the State received only a benefit and no potential detriment from its witness, here, some bias cross-examination was allowed, and the jury had sufficient information from which to infer bias.

Moreover, unlike *McCarthy*, in which the witness potentially had a direct financial stake in the outcome of the pending

litigation, Wilson's alleged failure to pay income taxes was, at best, only peripherally related to Tucker's case. We do not see how the fact that Wilson may or may not have paid taxes on the money he earned as a confidential informant shows that he had a financial motive for testifying in a certain fashion. There has been no allegation that the State told him he did not need to pay taxes on the money, or that whether or not he had to pay taxes on the money was tied in any way to the outcome of litigation in which he was involved. Tucker has not shown that he was prejudiced by the exclusion of evidence concerning whether Wilson had reported his income as a confidential informant.

 We have carefully considered the error alleged by Tucker in light of our opinion in *McCarthy* and we find it to be without merit. We therefore reaffirm our previous decision that the trial court did not err in limiting Tucker's cross-examination of Wilson, and again affirm Tucker's convictions.

BROOK, J., and NAJAM, J., concur.