Steven E. **PFEFFERKORN**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 3–780A212.

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1980.

Monte L. Brown, Auburn, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

After trial by jury, appellant–defendant Steven E. Pfefferkorn appeals his conviction of theft and burglary. He urges the trial court erred by restricting *in limine* cross examination regarding possible bias or prejudice of the investigating officer. We reverse.

During the cross–examination of the investigating officer defense counsel asked the following question:

Do you recall an auto accident that occurred in June of 1974 which involved persons by the name of Donald Pfefferkorn and Thomas Pfefferkorn, which involved the DeKalb County Sheriff's Department?[1]

The State objected on grounds of relevancy. After a hearing and voir dire of the witness outside the presence of the jury, the objection was sustained.

The State argues the court did not err. They argue that the trial court did not abuse its discretion.

It is true that a trial court has discretion to regulate the scope of cross–examination, however the exercise of this discretion must comport with due process. *Lagenour v. State*, (1978) Ind. [268 Ind. 441], 376 N.E.2d 475, 479. The Sixth Amendment, guaranteeing a defendant the right to confront witnesses against him, includes the right to cross–examine a witness with the object of revealing possible ulterior motives or bias. *Davis v. Alaska*, (1974) 415 U.S. 308, 316, 94 S.Ct. 1105 [1110], 39 L.Ed.2d 347. The right of full, adequate and effective cross–examination is "fundamental and essential to a fair trial." *Lagenour v. State, supra* [376 N.E.2d] at 478.

*Haeger v. State*, (1979) Ind.App., 390 N.E.2d 239, 240. An actual infringement of cross–examination must be shown. *Lagenour v. State*, (1978) 268 Ind. 441, 376 N.E.2d 475, 479. The party alleging the infringement must show how the forbidden subject related to the credibility of the witness. *Lagenour, supra.* Pfefferkorn argues that the accident and filing of a civil suit against the sheriff's department (although apparently later dismissed) might show a bias or hostility against him and his family and a motive to overzealously investigate defendant. A witness's bias, prejudice or ulterior motives are always relevant in that they may discredit him or affect the weight of his testimony. 3A J. Wigmore, Evidence § 940 (Chadbourn rev. 1970); *Haeger, supra.* In *Acker v. State*, (1959) 239 Ind. 466, 158 N.E.2d 790, 791 the Supreme Court of Indiana stated that "[a]ny fact tending to impair the credibility of a witness by showing his interest is a material matter regard-

---

1. Donald and Thomas are brothers of the defendant.

ing which cross–examination is a right and not a mere privilege, and a denial of cross–examination upon such a material matter is reversible error." In *Davis v. Alaska*, (1974) 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 the defendant was permitted to question a crucial witness about whether he felt bias or pressure to testify a certain way. Defendant was prohibited from questioning the witness about his juvenile probation status[2] as a means of suggesting bias. 94 S.Ct. 1109. The Supreme Court reversed the conviction, holding that the jury as sole finders of fact and credibility, were entitled to the benefit of the defense theory and facts from which they could make an informed decision as the weight to be given the testimony. 94 S.Ct. 1111.

There is no question here but that the witness was crucial. Nor is there a question that Pfefferkorn was wholly precluded from presenting his line of questioning to the trier of fact.[3] The State argues to admit the evidence would have created a false issue of bias. Because the deputy was no longer employed by the sheriff's office and the sheriff's office was no longer a defendant in the civil suit arising from the accident, the State reasons the evidence was irrelevant and the trial court did not abuse its discretion in preventing cross–examination on the subject.

■ The standard of relevancy depends upon the function of the evidence. When the *function of the evidence is to* determine the reliability of the evidence on direct, the standard is whether the evidence will aid the jury in appraising the credibility of the witness and assessing the probative value of the direct testimony. A wide range is necessary for cross examination to be useful. C. McCormick, Evidence § 29 (2d ed. 1972).

We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [witness'] testimony . . . .

*Davis*, 94 S.Ct. 1111. Any doubt as to the legitimacy of a question must be resolved in favor of the questioner. *Lagenour, supra.*

■ We again find ourselves applying the first level standard of review first set out in *Springer v. United States*, (D.C.App. 1978) 388 A.2d 846 and applied in *Haeger*, 390 N.E.2d at 241.

"Where the record reflects a curtailment of a requested line of bias cross–examination *in limine*, so that the jury is unable to properly perform its fact–finding function in inferring bias from the testimony as a whole, we will assess cross–examination errors by a *per se* error standard."

From the record before us[4], we find a curtailment of a requested line of bias cross–examination *in limine*. The jury would not be able to properly perform its function of determining whether bias affected the testimony as a whole. Therefore, we find reversible error.

Reversed and a new trial granted.

CHIPMAN and MILLER, JJ., concur.

2. There existed competing policy interests in *Davis*. The protection of a juvenile offender's anonymity was in competition with the defendant's interest in cross–examining the juvenile. *Davis*, 94 S.Ct. 1111. The State argued that the anonymity of the juvenile outweighed the defendant's interest of cross examination.

3. There was no evidence regarding this matter presented to the jury. The State objected after the first question about the accident. The trial court sustained the objection and nothing was presented along that avenue to the jury. We note we are presented with a partial transcript which appears to adequately present the matter for our review.

4. We have a partial transcript which includes only the cross–examination question and a voir dire of the witness concerning possible bias. Appellee does not complain of inclusion of a partial transcript nor does it argue other impeaching evidence would have permitted the jury to determine whether bias was reflected in the testimony as a whole. Appellee pointed to no deficiency caused by appellant's inclusion of less than the whole transcript.