**STATE of Indiana, Plaintiff-Appellant,**

v.

**James W. PROCTOR,**
**Defendant-Appellee.**

**No. 1–784A161.**

Court of Appeals of Indiana,
First District.

Dec. 4, 1984.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

John M. Murphy, Shelbyville, for defendant-appellee.

ROBERTSON, Judge.

The plaintiff-appellant State is appealing the granting of a motion to dismiss charges pending against the defendant-appellee Proctor. The basis of the dismissal is double jeopardy.

Proctor was initially charged with several offenses and over a period of time substantial procedural skirmishing occurred. At a pre-trial conference the parties agreed and stipulated that the trial judge was to view a video tape made of Proctor at the time of his arrest. The parties also agreed that the trial judge was to view the tape prior to the bench trial, which he did. The State subsequently dismissed the charges and then refiled them. At this time Proctor moved for dismissal based, in part, on the theory that jeopardy had attached

when the trial judge had viewed the video tape. The motion was granted and this appeal follows.

While the State suggests that whether or not jeopardy has attached is a question that should be viewed with flexibility, citing *United States v. Vaughan*, (1983, 9th Cir.) 715 F.2d 1373, the fact of the matter is that in this case the taking of evidence in a non-jury case had commenced, hence jeopardy attached. *Serfass v. United States*, (1975) 420 U.S. 377, 93 S.Ct. 1055, 43 L.Ed.2d 265.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.