Craig A. Burton, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 25A03–8611–CR–315.

Court of Appeals of Indiana,
Third District.

July 16, 1987.

Rehearing Denied Sept. 11, 1987.

James O. Wells, Jr., Rochester, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Craig Burton appeals his conviction for driving with a blood alcohol content of .10% or more, as proscribed in IND.CODE § 9–11–2–1 (1984 Supp.). Burton raises one issue on appeal: whether the trial court erred in setting aside his first trial and ordering a retrial after the presentation of all evidence, thereby violating the tenets of the double jeopardy clause of the Fifth Amendment and IND.CODE § 35–41–4–3 (1982).

The facts relevant to this appeal disclose that in August 1985 Burton was charged with driving with a B.A.C. of .10% or more. On May 8, 1986 Burton was tried on the charge, without intervention of a jury. The matter was taken under advisement at the conclusion of the trial. On May 9, 1986, the following minute sheet entry was made:

"Comes now the Court and finds that the Court erred in denying the admission into evidence of the results of the breathalyzer test, State's Exhibit Number 5, administered to Defendant Burton by Officer Grube. The Court now, therefore, finds that the trial should be set aside, and a new trial granted.

IT IS THEREFORE RULED AND ORDERED that the trial of this cause, held May 8, 1986, be and hereby is set aside, and it is further ordered that a new trial of the cause be granted."

Burton's motion to dismiss the second charging Information was denied. At his second trial Burton was convicted of the charge. This appeal ensued.

 In a trial by the court, without a jury, jeopardy attaches after the first witness is sworn, IND.CODE § 35–41–4–3; or after evidence has been taken, *State v. Proctor* (1984), Ind.App., 471 N.E.2d 707, 708. Normally, once a criminal prosecution is abandoned after jeopardy attached, the defendant may not be retried for that particular offense. *Phillippe v. State* (1984), Ind.App., 458 N.E.2d 1159, 1160. However, the application of double jeopardy may be excused if the concepts of "waiver," "consent," or "manifest necessity" would allow retrial. *Crim v. State* (1973), 156 Ind.App. 66, 76, 294 N.E.2d 822, 829.

It is the concept of "manifest necessity" which the State urges in support of retrial in Burton's case. The State argues specifically that because of the trial court's ruling on the admissibility of the breathalizer results, the State was deprived of a fair opportunity to present its evidence.[1] In *Crim, supra*, this Court found that "manifest necessity" cannot be created by errors made by the prosecutor or the judge, 294 N.E.2d at 830. Instead, the

---

**1.** The State cites *Webster v. State* (1980), 274 Ind. 668, 413 N.E.2d 898 as authority allowing retrial because the State was deprived of a fair opportunity to present its evidence. In *Webster*, the Court's determination was based upon the trial court's final instruction to the jury to disregard certain testimony as substantive evidence of guilt. The Court determined that retrial was permissible because the State's attorney reasonably believed that the jury would consider the

error must arise from some source outside of their control. *Id.* The "manifest necessity" doctrine which authorizes the granting of a mistrial in a criminal cause, and precludes the defendant from successfully raising a double jeopardy challenge to retrial, contemplates a sudden and overwhelming emergency beyond the control of the court; it does not mean expediency. *Fonseca v. Judges of Family Court of Kings County* (1969) 59 Misc.2d 492, 299 N.Y.S.2d 493, 498.

Consequently, after reception of all evidence and taking the cause under advisement, a trial court may not set aside the trial and grant a new trial to allow the prosecution to present evidence previously excluded. Burton's conviction upon retrial must be reversed.

Reversed.

STATON and YOUNG, JJ., concur.

evidence; thus, the instruction foreclosed any opportunity to bolster the case. 413 N.E.2d at 902. *Webster* was not decided on "manifest necessity" grounds.

*Webster* is distinguishable from the present case. Here, the prosecution knew the breathalizer evidence was excluded during its case-in-chief. The State had an opportunity to present any other evidence at that time.