Charles B. KLEINRICHERT, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 43A03–8711–CR–315.

Court of Appeals of Indiana, Third District.

Nov. 23, 1988.

Allen N. Wheat, Allen R. Stout, Wheat & Stout, Angola, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Charles B. Kleinrichert was convicted of possession of cocaine, a class C felony,[1] at a trial by jury in the Kosciusko Circuit Court. He was sentenced to eight (8) years and fined $2500.00.

Kleinrichert has submitted ten (10) issues on appeal. Only one will be discussed since we reverse: Whether the trial court erred by curtailing *in limine* and throughout the trial, a line of questioning which may have given the jury reason to infer that a State witness was biased against Kleinrichert.

■ Prior to trial, the court granted two motions *in limine* ordering that:

no reference or evidence, relating to any alleged personal animosity between this defendant and any member of the Kosciusko County Sheriff's Department shall be presented before the jury ... [and that] no reference or evidence, relating to the burglary and theft chrges [sic] presently pending against this Defendant in this Court ... or any tort action for false arrest or any other tort action that might be connected therewith shall be presented before the jury....

R. 101, 104. These motions were based on a Tort Claim Notice[2] asserted by Kleinrichert against members of the Kosciusko County Sheriff's Department and his alleged intention to sue Detective Thomas Kitch personally. At trial all offers to prove outside the motions *in limine* pertained to Kitch. Therefore, our determination will be based on the exclusion of bias evidence in regard to Kitch only.

At trial, Kitch testified that he had been contacted by a confidential informant offering to set up a cocaine buy from Kleinrichert. Kitch then organized the operation resulting in Kleinrichert's arrest. During the State's rebuttal, Kleinrichert asked Kitch on cross-examination if he was biased against Kleinrichert, or had any interest in seeing him convicted. Kitch answered that he did not. Kleinrichert then made an offer to prove, outside the presence of the jury, which would show that Kleinrichert

had filed a Tort Claim Notice against the Kosciusko County Sheriff's Department for false arrest. During Kleinrichert's case in chief he made three more offers to prove, through three different witnesses, which would have put evidence of the lawsuit before the jury. It was clearly stated in each offer to prove that the purpose of the evidence was to show bias, prejudice and interest in the outcome of the case. The trial court barred all evidence of the lawsuit.

The confidential informant, who had initially contacted Kitch, testified for Kleinrichert. During his cross-examination by the State he testified that the cocaine Kleinrichert was alleged to have possessed was actually supplied by Officer Kitch. During the State's rebuttal Kitch denied this.

In *Haeger v. State* (1979), 181 Ind.App. 5, 390 N.E.2d 239, 241, this Court adopted a standard of review first set out in *Springer v. United States* (D.C.1978), 388 A.2d 846, 856:

"[w]here the record reflects a curtailment of a requested line of bias cross-examination *in limine*, so that the jury is unable properly to perform its fact-finding function in inferring bias from the testimony as a whole, we will assess cross-examination errors by a per se error standard."

*Haeger* at 390 N.E.2d 241 (quoting *Springer*).

Here, the trial court excluded *in limine*, all evidence of pending or contemplated lawsuits and evidence of animosity between Kleinrichert and Kitch that may have arisen as a result of these suits. In *United States v. Gambler* (D.C.Cir.1981), 662 F.2d 834, the court said:

[a] general rule has evolved from this case and others to the effect that the trial court should allow cross-examination and the airing of evidence with respect to a witness's pending, or even contemplated, suit against the defendant ... By allowing a probe into the circumstances of a pending or contemplated lawsuit, it is believed that a defendant

---

1. IC 35–48–4–6.

2. IC 34–4–16.5–1 to –19 (1982 and 1985 Supp.).

may bring to light two factors reflecting the possible bias of the witness: his pecuniary interest in the outcome of the criminal trial and the existence and degree of animosity he may harbor against the defendant.

*Gambler* at 837 (citations omitted) (referring to *Villaroman v. United States* (D.C. Cir.1950), 184 F.2d 261).

In this case, Kleinrichert wanted to show that Kitch harbored animosity against him because of his lawsuit. There could also have been a pecuniary interest involved because the Tort Claim Notice claimed Kleinrichert had been damaged in the sum of $300,000.00. A probe into the mere fact of the lawsuit could give the jury reason to infer bias, thus affecting their evaluation of Kitch's credibility.

■ Here, there is a conflict in the testimony of Kitch and the confidential informant. Resolution of conflicts in the evidence is within the province of the jury. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 84, *reh. denied, cert. denied* (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349. Evidence of bias and prejudice is critical in resolving such conflicts. In the case at bar it is especially important because the credibility of one witness has been impugned, while information relevant to the credibility of another never reached the jury.

Kleinrichert cites *Pfefferkorn v. State* (1980), Ind.App., 413 N.E.2d 1088, in support of his argument. In *Pfefferkorn* this court reversed a conviction applying the per se error standard used in *Haeger*. Defendant Pfefferkorn was convicted of theft and burglary. Pfefferkorn contended that as a result of a civil suit filed against the Sheriff's Department by his brothers there may have been "bias or hostility against him and his family and a motive to overzealously investigate defendant." *Id.* at 1089. In that case the charges had not been filed by the defendant, they had been dropped by the time of the trial, and the testifying officer no longer worked for the Sheriff's Department. Nevertheless, this court said that "[a] witness's bias, prejudice or ulterior motives are always relevant in that they may discredit him or affect the weight of

his testimony." *Id.* The court found reversible error and stated that there was "a curtailment of a requested line of bias cross-examination *in limine.* The jury would not be able to properly perform its function of determining whether bias affected the testimony as a whole." *Id.* at 1090.

The facts in the case at bar are more indicative of bias than those in *Pfefferkorn.* Kleinrichert filed the Tort Claim Notice; animosity toward Kleinrichert would not be diluted because it arose from the actions of a family member, as in *Pfefferkorn.* The lawsuit that was the cause of the bias in *Pfefferkorn* was dropped before trial. There is no indication in the record before us that Kleinrichert had dropped his tort action. At the time of Kleinrichert's trial Kitch was a fifteen (15) year veteran of the Kosciusko County Sheriff's Department. At the time of the trial in *Pfefferkorn* the testifying officer no longer worked for the Sheriff's Department. In addition to these factors which would point to a likelihood of bias, the record before us shows that the Kosciusko County Sheriff's Department was small, and that Kleinrichert knew most of the officers. The small size of the Department would support the view that a lawsuit against one member of the Department might bias another.

We recognize, of course, that upon hearing the bias evidence the jury might well conclude that officer Kitch was the truthful witness and his version of the events should be believed. The point is that the jury was denied the opportunity to make that assessment.

The jury was not able to properly perform its fact finding function because relevant evidence of bias was excluded by the trial court. The per se error standard must be applied.

REVERSED.

GARRARD, P.J., and SULLIVAN, J., concur.