Christopher A. UNDERWOOD, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–9403–CR–00298.

Supreme Court of Indiana.

Dec. 14, 1994.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

On February 8, 1993, the State filed an information charging three counts of Robbery. On February 10, that information was amended to include habitual offender status. A second information was filed under a second cause number, charging Attempted Rape, Criminal Deviate Conduct, two counts of Robbery, and Kidnapping. A jury trial resulted in appellant's conviction of all charges. On the three counts of Robbery, appellant was sentenced to ten (10) years each, to be served consecutively. On the Attempted Rape charge, he was sentenced for a period of thirty (30) years enhanced by thirty (30) years by reason of his status as a habitual offender. He received thirty (30) years each on the charge of Criminal Deviate Conduct and Kidnapping, to be served concurrently but consecutively to two Robbery counts for which he received ten (10) years each and consecutively to the charges in the first information.

The facts are: On February 2, 1993, the victim was an employee of The Bronzing

Patio (a tanning booth operation) in Fort Wayne, Indiana. A man later identified as the appellant came into the place of business at approximately 1:45 p.m. He threatened the victim with a knife and made her open the cash drawer and the safe. He then forced the victim into the bathroom where she was ordered to take off her clothing. He ordered her to lie on the floor. He exposed his penis and placed his finger in the victim's vagina. She told the man that she had not had sexual intercourse and he indicated he would not do that to her. He then allowed her to dress and the two of them went into the business portion of the establishment.

At that point, Lisa Harmeyer came into the business and appellant went through her purse. He took money from her purse and from the cash drawer of the business. Miss Harmeyer tried to run away, but appellant grabbed her, telling her not to try that again. The three of them left the store and once outside Miss Harmeyer fled. The man then forced the victim into her car and told her to drive them downtown. The man had the victim stop at a store along the way where he took money from Charles Willer, Robert Barnes, and Donald Page. Page was cut by appellant. When appellant and the victim left the store, Page followed them in his car. Eventually Page lost sight of the fleeing vehicle. He then drove to the Allen County Jail where he reported what had occurred. He described his assailant to the officers. The officers then went in the direction indicated by Page and saw a man matching appellant's description emerge from an area of trees.

When appellant saw the officers, he went back into the tree area and fled along the riverbank. Appellant was observed running across Barr Street in a westerly direction. Appellant eventually stopped when he perceived that one of the officers had his gun drawn. Appellant was arrested and searched; however, no knife was found. The officers did find cash and a money clip which had been taken from Barnes during the robbery.

■ Appellant claims the trial court erred in denying his motion to suppress the victim's in-court identification of him. Appel-

lant contends the police used an impermissibly suggestive procedure in obtaining his identification by the victim. Following appellant's arrest, he was placed in a police vehicle and taken to the victim. Police required appellant to get out of the police car so the victim could view him. He was the only individual displayed and was in handcuffs. Appellant claims this was too suggestive. It is not improper for police to take a recently captured suspect to the victim for identification when only a short time has expired between the commission of the crime and the identification. See *Letica v. State* (1991), Ind., 569 N.E.2d 952; *Gray v. State* (1990), Ind., 563 N.E.2d 108. Appellant contends the arrest and search was illegal and all evidence seized because of the search should have been suppressed. Under the facts recited above, the police officers had probable cause to stop the appellant, place him under arrest, and search him. They had received an ample description of appellant and the general location in which he might be found. When they in fact did find him in that area, he attempted to evade the police officers and stopped his resistance only when confronted with an armed officer. Appellant's arrest and search were proper under the circumstances. *See Williams v. State* (1969), 253 Ind. 316, 253 N.E.2d 242. An officer may make an arrest without a warrant where he has knowledge sufficient to rise to the level of probable cause. *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738. The trial court did not err in refusing to suppress the evidence seized on appellant's person following his arrest.

■ Appellant claims there was insufficient evidence to sustain his conviction for attempted rape. Appellant takes the position that he did not take a substantial step toward the commission of rape. Appellant is correct in his observation that the focus is on what has been done by a defendant not on what remains to be done, citing *Hughes v. State* (1992), Ind., 600 N.E.2d 130. There must be some overt act beyond the mere preparation and in furtherance of an attempt to commit the offense. *Id.*

In the case at bar, the appellant forced the victim to remove her clothing, lie on the floor, spread her legs, then he removed his penis from his pants, and inserted his finger in the victim's vagina. This evidence could be construed by the jury to constitute a substantial step toward the commission of a rape. *See Madden v. State* (1990), Ind., 549 N.E.2d 1030; *Coleman v. State* (1989), Ind., 546 N.E.2d 827. The fact that appellant did not stop his attempt until the victim told him she had not had sexual intercourse before does not gainsay the fact that he was engaged in an attempt to rape at that time.

Appellant contends there is insufficient evidence to sustain a conviction for the robbery of Donald Page. He bases his contention on the fact that at trial Page was unable to identify appellant. Although Page was unable to identify appellant as his robber, the victim testified that she witnessed a robbery of Donald Page by appellant. Charlie Willer and Bob Barnes, who also were robbed at the same time Page was robbed, both identified appellant as the person who had robbed them and Page. There is ample evidence in this record that appellant in fact was the person who robbed Donald Page.

Appellant claims the trial court erred in permitting the introduction of State's Exhibit No. 22, a picture of an initialed money clip owned by Robert Barnes. Appellant contends there was no testimony linking the exhibit to him. Both Willer and Barnes testified that during the robbery, appellant demanded that Barnes surrender his money clip that held several bills. Barnes testified that he gave appellant the money clip with the money. Barnes also identified State's Exhibit No. 2 as a photograph of that money clip. Detective Minyard testified that Exhibit 2 was a picture of the money clip that he removed from appellant after he was taken into custody.

Nevertheless appellant argues that there is an incomplete foundation for the presentation of the exhibit. In a situation such as this where the evidence was tied to a defendant by subsequent testimony, any deficiency in the foundation was cured by the subsequent testimony. *See Burton v. State* (1986), Ind., 497 N.E.2d 535. The trial court did not err in permitting State's Exhibit No. 22 into evidence.

Appellant claims the trial court erred in failing to grant a mistrial for a violation of a motion in limine. Prior to trial, the trial judge sustained appellant's motion in limine that there should be no mention of the fact that marijuana was found on the person of appellant when he was arrested. During the testimony of Officer Minyard, he was listing the various items taken from appellant's person at the time of his arrest and referred to "a crown royal bag in his pocket, with rolling papers, along with a little bit of what appeared to be marijuana." Appellant objected and immediately moved for a mistrial because of the violation of the motion in limine. There is no question but what the remark by the officer was a violation of the court's prior ruling. However, a mistrial is an extreme remedy granted only when no other method can rectify the situation. *Schlomer v. State* (1991), Ind., 580 N.E.2d 950. The grant or denial of a motion for mistrial is a matter of judicial discretion. *Id.* *See also Davidson v. State* (1991), Ind. 580 N.E.2d 238.

In the case at bar, the trial court immediately admonished the jury that the mention of the marijuana was improper and that they were to disregard that portion of the testimony. In view of the overwhelming evidence in this case, the possibility is remote that the jury's verdict was swayed by the officer's improper mention of the discovery of marijuana on appellant's person. The trial court properly admonished the jury and did not err in refusing to declare a mistrial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and SULLIVAN, JJ., concur.

DICKSON, J., dissents without separate opinion.