**Robert DOMANGUE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9411–CR–697.

Court of Appeals of Indiana.

July 19, 1995.

Kay Beehler, Indianapolis, Elizabeth B. Searle, Certified Legal Intern, I.U. School of Law, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Robert Domangue appeals the trial court's denial of a motion to dismiss charges against him. Domangue's initial trial ended in a mistrial, and he objected to retrial on double jeopardy grounds. Domangue raises one issue on interlocutory appeal which we restate as follows: whether the trial court erred in determining that manifest necessity justified the mistrial.

We reverse.

The record reveals the following facts. Domangue and William Odom, his passenger, were involved in an automobile accident in which Odom's arm was severed. Domangue was charged with operating a vehicle while intoxicated resulting in serious bodily injury, a class D felony,[1] and operating a vehicle with at least ten-hundredths percent by weight of alcohol in his blood resulting in serious bodily injury, a class D felony.[2] Before trial, the State offered a motion in limine requesting, in part, that "any pending litigation, or any contemplated litigation that may exist arising out of the facts of this case," not be referred to in the presence of the jury without the court's permission. Record, at 25.

After discussing the motion, Domangue offered the first court[3] case law in support of his position. The first court postponed a decision until after voir dire, making the following statements regarding other lawsuits:

1. Ind.Code § 9–30–5–4; I.C. § 9–30–5–2.

2. I.C. § 9–30–5–4; I.C. § 9–30–5–1.

THE COURT: I can take that under advisement. In the meantime I don't want there to be any mention of it.

\*   \*   \*   \*   \*   \*

DEFENSE: I mean, if we're going to be precluded from.... [sic]

THE COURT: You're only precluded from mentioning it in voir dire.

DEFENSE: Mentioning what in voir dire?

THE COURT: About the law suit.

Record, at 228, 231. Voir dire proceeded and the trial began.

Domangue's theory of defense was that Odom had caused the accident by grabbing the steering wheel. On direct examination, the State asked Odom if he intended to file a civil suit against Domangue and he replied that he did not. On cross-examination, Domangue questioned Odom about his intent to file a civil suit against the taverns who sold the men the alcohol. The State objected and moved for a mistrial. The first court judge said that he was unaware that Domangue intended to ask about suits against anyone other than Domangue. The judge, admittedly, misunderstood the scope of the State's motion in limine and considered this issue outside of the motion's scope.

Unsure how to proceed, the first court judge allowed Domangue to pursue the line of questioning. Domangue questioned Odom about, and Odom admitted, his intent to file a civil suit against the tavern owners. After this exchange, the State again objected and moved for a mistrial. This time, the first court granted the motion over Domangue's objection.

The case was set for retrial in the second court, but Domangue moved to dismiss the charges on double jeopardy grounds. The second court denied Domangue's motion, determining that manifest necessity compelled mistrial as Domangue violated the first court's motion in limine. Domangue sought

3. For clarity, we refer to the trial court that declared the mistrial as the "first court." We refer to the trial court which concluded that manifest necessity existed for the mistrial as the "second court."

and received certification of the second court's order for interlocutory appeal.

Domangue argues that the second court erred in finding the manifest-necessity doctrine applicable. Domangue argues that the first court either did not rule on the motion in limine or, if the court did rule on the motion, it ruled in Domangue's favor.

■ The trial court has discretion in determining whether to grant a mistrial, and its decision is afforded great deference on appeal because the trial court is in the best position to gauge the surrounding circumstances of the event and its impact on the jury. *Wright v. State* (1992), Ind., 593 N.E.2d 1192, 1196, *cert. denied,* (1992), —— U.S. ——, 113 S.Ct. 605, 121 L.Ed.2d 540. However, in a criminal case, a mistrial is an extreme remedy which should be granted only when nothing else can rectify the situation. *Underwood v. State* (1994), Ind., 644 N.E.2d 108, 111.

■ The trial court has authority to declare a mistrial where a manifest necessity exists. *Wright, supra.* On appeal, the trial court's decision is reviewed only for abuse of discretion using manifest necessity as the underlying test. *Ried v. State* (1993), Ind. App., 610 N.E.2d 275, 279, *aff'd,* (1993), Ind., 615 N.E.2d 893. Manifest necessity, which precludes a defendant from successfully raising a double jeopardy challenge to retrial, contemplates a "sudden and overwhelming emergency beyond the control of the court...." *Id.* (quoting *Burton v. State* (1987), Ind.App., 510 N.E.2d 228, 229, *trans. denied* ). Manifest necessity cannot be created by judicial or prosecutorial error, but must arise from circumstances outside of their control. *Id.,* at 279–280. Finally, the violation of a motion in limine does not necessarily require mistrial as the trial court, under some circumstances, may cure the error by admonishing the jury to disregard the inappropriate evidence. *Underwood, supra.*

On examining the record, we conclude that the first court abused its discretion as manifest necessity did not exist to justify a mistrial.

■ The first court did not issue an order saying that Domangue could not ask about other litigation arising from the accident.[4] The first court warned Domangue against mentioning "the law suit" during voir dire, but did not issue an order for trial. The court did not believe the parties had even argued this matter, considering it a separate issue from whether Domangue could inquire about Odom's possible suit against Domangue. As evidence of this, the first court initially allowed Domangue to pursue the matter. Later, the first court granted the mistrial based on grounds independent from the motion in limine; after granting the mistrial, the court said the matter should have been raised before trial. As such, we conclude that Domangue did not violate a motion in limine.

■ Second, evidence of Odom's civil suit against the taverns is highly relevant to indicate possible bias for disclaiming responsibility for the accident.[5] If a witness in a criminal trial has a financial motive for testifying in a certain fashion, the jury should hear about those matters as they are relevant evidence of credibility. *Hamner v. State* (1990), Ind.App., 553 N.E.2d 201, 203; *Kleinrichert v. State* (1988), Ind.App., 530 N.E.2d 321, 322–323, *trans. denied.* These matters are always relevant as they affect the weight given to the testimony. *Id.*

■ Finally, even assuming the evidence improper and precluded by the motion in limine, the error could have been cured by admonishing the jury. Trial courts should not grant a mistrial if they can cure the defect. *Underwood, supra.*

■ Accordingly, we conclude that manifest necessity did not exist to warrant a mistrial. Jeopardy attached when the jury

---

4. The State disputes this fact by citing to the second court's interpretation of the first court's ruling. An examination of the first court hearing, however, reveals no such order.

5. The first court viewed counsels', admittedly unclear, argument as centering on whether or not Domangue's conviction would be relevant to a dramshop tort suit. Domangue, however, only wanted to establish Odom's financial motive to disclaim responsibility for the accident.

was selected, impaneled, and sworn. *Wright, supra,* at 1196. Since the trial court, without Domangue's consent, discharged the jury without manifest necessity, that action serves as an acquittal and exempts Domangue from retrial for the same offenses. *Id.*

For these reasons, the second court erred by denying Domangue's motion to dismiss the charges against him. We remand to the second court with instructions to do so.

Reversed.

HOFFMAN and DARDEN, JJ., concur.