**Timothy HALL, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9901–CR–49.**

Court of Appeals of Indiana.

Feb. 3, 2000.

---

Paul T. Fulkerson, Skiles & Cook, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

ROBB, Judge

*Case Summary*

Timothy Hall appeals his conviction for battery, a Class C felony,[1] following a bench trial. We reverse.

*Issues*

Hall raises two issues for our review, one of which we find dispositive and restate as whether the trial court erred in denying Hall's motion to dismiss the charges against him and re-trying him following a mistrial.

*Facts and Procedural History*

On April 3, 1997, Hall and Steve Swearingen engaged in an argument and fist fight that ended in a "dog"[2] handshake.

---

1. Ind.Code § 35–42–2–1.

2. A "dog" was described at trial as "[k]ind of like a handshake," r. 172, or "like shaking

Later that evening, Hall and Swearingen were involved in another fight. Swearingen suffered several stab wounds as a result of this second altercation.

Hall was charged with battery, a Class C felony. At his bench trial, Hall's defense counsel questioned Swearingen about a case against him involving cocaine. The following exchange took place:

> [Defense]: And you've got a case against you right now, do you not, for selling cocaine?
>
> [State]: Your Honor, I object.
>
> [Court]: Sustained. Okay. Next question.
>
> [State]: Your Honor, in fact, at this time I'd move for a mistrial, ask that we reset this for another day and have an (unintelligible) judge appointed.
>
> [Defense]: I would object.
>
> . . .
>
> [Defense]: I don't think that there was any answer to it, Judge, so—
>
> [Court]: Well I think the Court can almost assume that with that type of question there's going to be a positive response to that. Am I correct?
>
> [State]: Your Honor, he did answer.
>
> [Court]: He did answer?
>
> [Defense]: I didn't—I didn't hear it.
>
> [Court]: Did you answer yes?
>
> [Swearingen]: Yes.

Supp. R. 67–68. Although the trial court stated that it could "forget what [it] heard," supp. r. 69, the mistrial was granted and it was noted that the State wanted a different judge to preside over the new trial.

Prior to his second trial, Hall filed a motion to dismiss the charges against him, but it was denied. At Hall's second trial,

the same trial court judge presided. The judge noted, "the Court will not be prejudiced by any of the initial testimony which was heard." R. 167. After the trial, Hall was found guilty of battery, a Class C felony. He now appeals.

### Discussion and Decision

██ Hall contends that the trial court erred in denying his motion to dismiss on the grounds of double jeopardy. He argues that the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Indiana Constitution prevents the State from placing him in jeopardy twice for the same offense. He argues that jeopardy had already attached in his first trial, that there was no manifest necessity to declare a mistrial, and therefore, by being tried a second time he was subject to double jeopardy. He further asserts that in the absence of manifest necessity a mistrial serves as an acquittal. We agree.

██ A trial court has discretion in determining whether to grant a mistrial. *Domangue v. State,* 654 N.E.2d 1, 3 (Ind. Ct.App.1995). "However, in a criminal case, a mistrial is an extreme remedy which should be granted only when nothing else can rectify the situation." *Id.* The trial court has authority to declare a mistrial when manifest necessity exists. *Id.* On appeal of the trial court's decision to grant a mistrial we review the decision only for abuse of discretion with manifest necessity as the underlying test. *Id.*

██ Manifest necessity, when present, successfully precludes a defendant from raising a double jeopardy challenge to retrial. *Id.* However, as Hall correctly argues and the State concedes, in the absence of manifest necessity, the declaration of a mistrial results in an acquittal. *Wright v. State,* 593 N.E.2d 1192, 1196 (Ind.1992), *cert. denied.*

hands and saying that everything is cool." R. 195.

The standard for manifest necessity contemplates that a trial court's decision in declaring a mistrial is appropriate where

> the ends of public justice would otherwise be defeated. [The trial courts] are to exercise a sound discretion on the subject; and it is impossible to define all of the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and in very plain and obvious causes.

*Brown v. State,* 703 N.E.2d 1010, 1015 (Ind.1998) (citing *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824)). Further, "necessity" need not be interpreted literally. *Brown,* 703 N.E.2d at 1015. "There need be only a 'high degree' of necessity before concluding that a mistrial is appropriate. An explicit finding of manifest necessity is not required. Rather, the record need only 'adequately disclose' the basis for the trial court's decision." *Id.* (citation omitted).

Here, it was during a bench trial that Hall's counsel asked Swearingen if he had a case currently pending against him for selling cocaine. "[I]n criminal bench trials, we presume that the court disregard[s] inadmissible testimony and render[s] its decision solely on the basis of relevant and probative evidence." *Griffin v. State,* 698 N.E.2d 1261, 1267 (Ind.Ct. App.1998), *trans. denied.* Further, "[i]f a timely objection is made the trial judge will be presumed to have disregarded inadmissible evidence." *Nelson v. State,* 436 N.E.2d 1153, 1157 (Ind.Ct.App.1982).

The State made a timely objection which was sustained before Swearingen answered the question. After the mistrial was granted and the trial court was attempting to reset the second trial, the trial court judge stated, "I could forget what I heard." Supp. R. 69. Thus, the trial could have proceeded and a mistrial was not necessary.

Accordingly, we conclude that manifest necessity did not exist to warrant a mistrial. Jeopardy attached when the first witness was sworn in. *Burton v. State,* 510 N.E.2d 228, 229 (Ind.Ct.App. 1987), *trans. denied.* Because the trial court declared a mistrial without manifest necessity and after jeopardy had attached, the mistrial acts as an acquittal and Hall is exempt from retrial. *See Domangue,* 654 N.E.2d at 4.

### Conclusion

Reversal is appropriate because there was no manifest necessity in declaring a mistrial at Hall's first bench trial. Thus, it is necessary to reverse Hall's conviction.

Reversed.

BROOK, J., and NAJAM, J., concur.