## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2020, 10:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEY FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shaun Walton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 23, 2020 <br><br> Court of Appeals Case No. 19A-CR-2664 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Richard R. Stalbrink, Jr., Judge <br><br> Trial Court Cause No. 46D02-1812-F6-1347 |

**Baker, Judge.**

Shaun Walton appeals his conviction for Level 6 Felony Battery,[1] arguing that the trial court erred when it denied his motion for a mistrial. Finding no error, we affirm.

## Facts[2]

On October 30, 2018, Walton, a prisoner at the Indiana State Prison, was being transported from his cell to a recreational area. Sergeant Adrianne Ball was monitoring the situation and noticed that the officer transporting Walton had released Walton from his grasp. Sergeant Ball assumed the role of transporting Walton, at which point she discovered a bulge in his pocket. Once inside the recreational area, Walton slipped out of Sergeant Ball's grasp. Officer Jordan Hufford, who was nearby, heard Sergeant Ball scream for help and ran over to assist her. Officer Hufford then helped Sergeant Ball pin Walton down and conduct a pat-down search, which revealed workout gloves, a radio, and headphones on his person.

Walton knew that prisoners could not take their headphones and/or radios with them from their cells to the recreational area, so Sergeant Ball ordered Officer Hufford to take those items from Walton. As Officer Hufford was doing so, he accidentally broke the headphones. Walton then became angry and lunged at

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(e)(2).

[2] We would advise Appellant's counsel, in the future, to avoid using such inflammatory and emotional language in the Statement of Facts. This section is meant to succinctly describe the details of the case that led to the appeal at hand, not to passionately persuade a jury during closing argument.

Sergeant Ball. A scuffle broke out, during which Walton pushed Sergeant Ball to the ground and "gouged up" Officer Hufford's face. Tr. Vol. II p. 156.

[4] On December 10, 2018, the State charged Walton with two counts of Level 6 felony battery. During Walton's October 29-30, 2019, jury trial, the State called Investigator Ashley Kilgore to testify as to what happened between Walton and the two officers. Investigator Kilgore described how she met with Walton, read him his *Miranda*[3] Rights, and asked him to talk about the incident. After the State asked if she had done just that, Investigator Kilgore said, "[y]es, and he refused to speak with me." *Id.* at 122. Then, outside the presence of the jury, Walton's counsel moved for a mistrial, arguing that the State's reliance on Walton's post-*Miranda* silence as evidence was inappropriate. The State argued that Investigator Kilgore commented on Walton's silence only to show the "completeness of the investigation." *Id.* The trial court agreed to take the matter under advisement.

[5] To rectify any harm that Investigator Kilgore's testimony may have caused Walton, the State, while in the presence of the jury, asked Investigator Kilgore, "it's certainly [Walton's] right within the constitution to say nothing to you; correct?" *Id.* at 123. Investigator Kilgore confirmed that it was Walton's constitutional right and that she had highlighted Walton's silence only to demonstrate that she had not skipped any steps in her investigative process.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6]     During a recess, the parties further argued over Walton's motion for a mistrial, which the trial court ultimately denied. However, the trial court agreed to present Walton's proffered final jury instruction about a defendant's right to post-*Miranda* silence, which reads as follows:

> While it is true that the Miranda warnings provided to the defendant do not contain an express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In this circumstance, it would be fundamentally unfair and a deprivation of due process to allow the defendant's silence to be used to impeach the explanation he offered at trial. When considering the propriety of the defendant's testimony, you should not consider, in any way, that the defendant chose not to make a statement to investigators after being informed of his constitutional rights.

Appellant's App. Vol. II p. 132.

[7]     The jury found Walton guilty of one count of Level 6 felony battery, but not guilty of the other. That same day, October 30, 2019, the trial court sentenced Walton to one and one-half years, to be executed in the Department of Correction. Walton now appeals.

## Discussion and Decision

[8]     Walton's sole argument on appeal is that the trial court erred when it denied his motion for a mistrial. Specifically, Walton contends that the State inappropriately referenced Walton's post-*Miranda* silence to impeach his testimony, which he argues was a clear due process violation warranting a mistrial.

[9] A mistrial is an "extreme remedy" that should be used only when no other curative measure will rectify the situation. *Moore v. State*, 652 N.E.2d 53, 57 (Ind. 1995). The decision to grant or deny a mistrial is within the sound discretion of the trial court, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Hall v. State*, 722 N.E.2d 1280, 1282 (Ind. Ct. App. 2000). Upon review of a denial of a motion for a mistrial, the defendant must demonstrate that the conduct complained of was both in error and had a probable persuasive effect on the jury's decision. *Pierce v. State*, 761 N.E.2d 821, 825 (Ind. 2002).

[10] Walton argues that Investigator Kilgore's testimony violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Doyle v. Ohio*, 426 U.S. 610, 619 (1976); *see also Anderson v. Charles*, 447 U.S. 404, 407-08 (1980) (holding that "*Miranda* warnings inform a person of his right to remain silent and assure him, at least implicitly, that his silence will not be used against him[]").

[11] Though the State contends that Investigator Kilgore's response was appropriate to describe the steps she took as part of her investigation, we find that her response was ill-advised and had little relevance. Indiana Evidence Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." And here, any relevance gleaned from Investigator Kilgore's reference to Walton's post-*Miranda* silence was certainly

outweighed by a risk of prejudice. Thus, the complained of conduct was, to a certain extent, erroneous.

[12] Nonetheless, any prejudicial harm caused by Investigator Kilgore's statement was cured by what took place after she testified; therefore, Walton has not demonstrated that this reference to his silence had a probable persuasive effect on the jury's decision. Much of the argument surrounding Walton's motion for a mistrial took place outside of the jury's presence; the reference to Walton's silence was an isolated statement made as part of Investigator Kilgore's lengthy testimony during a two-day jury trial; the State itself attempted to rectify any harm by reminding the jury of Walton's right to not have his post-*Miranda* silence used against him; and the trial court included Walton's proffered final jury instruction about how relying on Walton's post-*Miranda* silence would violate Walton's fundamental due process rights. In other words, we find little to nothing in the record that would convince us that Investigator Kilgore's statement affected the jury's decision. In sum, the trial court did not err by denying Walton's motion for a mistrial.

[13] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.